JENNIFER BREAKELL, ESQ.
(Designation of Counsel for Service)
City Attorney for the
City of Farmington, New Mexico
800 Municipal Drive
Farmington, NM 87401
Telephone:  505-599-1122
Facsimile:  505-599-1119
jbreakell@fmtn.org

Attorney for Defendant
CITY OF FARMINGTON, NEW MEXICO
D/B/A Farmington Electric Utility System

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| VOTE SOLAR; MICHAEL EISENFELD; | ) | |
| JAMES NEIDHART; JEFFREY | ) | No. 1:19-cv-00753-JFR-CG |
| NEIDHART; STEVEN BAIR; NEIL | ) | |
| TRIBBETT; JEFFREY KNUTSON; | ) | **DEFENDANT CITY OF** |
| VICKIE SLIKKERVEER; | ) | **FARMINGTON'S** |
| THE COLISEUM, INC. (D/B/A THE | ) | **ANSWER TO** |
| COLOSSEUM GYM); DAVID FOSDECK; | ) | **PLAINTIFF'S COMPAINT** |
| STEPHEN ELLISON; AND ERIN | ) | |
| HOURIHAN, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF FARMINGTON, NEW | ) | |
| MEXICO, D/B/A FARMINGTON | ) | |
| ELECTRIC UTILITY SYSTEM, | ) | |
| Defendant. | ) | |

In answer to the Complaint ("Complaint") submitted in the above-entitled action by

Plaintiffs Vote Solar, Michael Eisenfeld, James Neidhart, Jeffrey Neidhart, Steven Bair, Neil

Tribbett, Jeffrey Knutson, Vickie Slikkerveer, The Coliseum, Inc. (D/B/A The Coliseum Gym),

David Fosdeck, Stephen Ellison, and Erin Hourihan (collectively, "Plaintiffs"), the City of Farmington, New Mexico, D/B/A Farmington Electric Utility System ("FEUS" or "Defendant"), admits, denies and alleges as follows. FEUS notes that it is filing a motion to dismiss concurrently with this Answer. This Answer is, therefore, being filed out of an abundance of caution.

## ANSWER TO SUMMARY OF ACTION

1.      Answering paragraph 1 of the Complaint, the allegations contained therein which are legal conclusions require no answer. FEUS denies the Plaintiffs' allegations that FEUS failed obligations under federal law. FEUS admits that the first claim would qualify for federal subject matter jurisdiction. Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

2.      Answering paragraph 2 of the Complaint, the allegations contained therein which are legal conclusions require no answer. Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

3.      Answering paragraph 3 of the Complaint, the allegations contained therein which are legal conclusions require no answer. FEUS denies the said allegations.

## ANSWER TO JURISDICTION AND VENUE

4.      Answering paragraph 4 of the Complaint, the allegations contained therein which are legal conclusions require no answer. FEUS admits that the first claim would qualify for federal subject matter jurisdiction. FEUS denies the standing, and therefore, jurisdiction of this

Court to hear the claims of Plaintiffs Vote Solar, David Fosdeck, Stephen Ellison and Erin Hourihan and Michael Eisenfeld, as detailed in FEUS's motion to dismiss filed on this day. Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

5.      Answering paragraph 5 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that Plaintiffs, on April 19, 2019, petitioned the Federal Energy Regulatory Commission ("Commission") for remedies requested under the Public Utility Regulatory Policies Act of 1978 ("PURPA") and Commission regulations and that Commission issued a Notice of Intent Not to Act on June 18, 2019.  The document attached to the Complaint as Exhibit A speaks for itself.  The document attached to the Complaint as Exhibit B speaks for itself.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.  To the extent that the inclusion of Exhibits A and B are meant to make any allegations against FEUS, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

6.      Answering paragraph 6 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that, assuming jurisdiction is proper, venue is proper in this District as FEUS's principal place of business is within this district. Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

## ANSWER TO DISCUSSION OF PARTIES

7.      Answering paragraph 7 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

8.      Answering paragraph 8 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that Dr. James Neidhart submitted an Application for Parallel Operation with FEUS on July 13, 2017, and is subject to the Residential Standby Service Rider that FEUS approved in January 2017.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

9.      Answering paragraph 9 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that Dr. Jeffrey Neidhart submitted an Application for Parallel Operation with FEUS on August 22, 2017 and is subject to the Residential Standby Service Rider that FEUS approved in January 2017.  FEUS denies that Mr. Neidhart's rooftop solar system is 20.1 kilowatts.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

10.      Answering paragraph 10 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that Ms. Steven Bair submitted an Application for Parallel Operation with FEUS on May 15, 2017 and is subject to the Residential Standby Service Rider that FEUS approved in January 2017.  Except as otherwise alleged, FEUS

is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

11.     Answering paragraph 11 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that Mr. Neil Tribbett submitted an Application for Parallel Operation with FEUS on January 12, 2018 and is subject to the Residential Standby Service Rider that FEUS approved in January 2017.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

12.     Answering paragraph 12 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that Mr. Jerry Knutson submitted an Application for Parallel Operation with FEUS on March 28, 2018 and is subject to the Residential Standby Service Rider that FEUS approved in January 2017.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

13.     Answering paragraph 13 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that Ms. Vickie submitted an Application for Parallel Operation with FEUS on March 20, 2018 and is subject to the Residential Standby Service Rider that FEUS approved in January 2017.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

14.     Answering paragraph 14 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that Crystal Williams, the owner of

The Coliseum, Inc. D/B/A The Coliseum Gym ("The Coliseum"), submitted an Application for

Parallel Operation with FEUS and is subject to the Small Commercial Standby Service Rider that

FEUS approved in January 2017.  FEUS denies that it received The Coliseum's Application on

July 27, 2017, but instead received the Application on a different date.  FEUS admits that the

Small General Service customer class applies to non-residential customers with usage below

15,000 kilowatt-hours per month.  Except as otherwise alleged, FEUS is without sufficient

information to form a belief about the truth of the matters alleged therein and on that basis denies

the said allegations.

      15.      Answering paragraph 15 of the Complaint, the allegations contained therein

which are legal conclusions require no answer.  FEUS admits that Mr. David Fosdeck submitted

an Application for Parallel Operation with FEUS, and FEUS provided Mr. Fosdeck an Electricity

Bill Calculator that estimates Mr. Fosdeck will pay a monthly charge of $13.40 as a "Residential

Solar DG customer" after Mr. Fosdeck connects his solar generation.  FEUS denies that it

received Mr. Fosdeck's Application on March 12, 2019, but instead received the Application on

a different date.  Except as otherwise alleged, FEUS is without sufficient information to form a

belief about the truth of the matters alleged therein and on that basis denies the said allegations.

In addition, while this Answer is filed out of an abundance of caution, FEUS has separately filed

a motion to dismiss regarding this plaintiff.

      16.      Answering paragraph 16 of the Complaint, the allegations contained therein

which are legal conclusions require no answer.  FEUS admits that Mr. Stephen Ellison submitted

an Application for Parallel Operation with FEUS, and FEUS provided Mr. Ellison an Electricity

Bill Calculator that estimates Mr. Ellison will pay a monthly standby charge of $47.17 as a

"Residential Solar DG customer" after Mr. Ellison connects his solar generation.  FEUS denies

that it received Mr. Ellison's Application on February 19, 2019, but instead received the

Application on a different date.  Except as otherwise alleged, FEUS is without sufficient

information to form a belief about the truth of the matters alleged therein and on that basis denies

the said allegations.  In addition, while this Answer is filed out of an abundance of caution,

FEUS has separately filed a motion to dismiss regarding this plaintiff.

      17.     Answering paragraph 17 of the Complaint, the allegations contained therein

which are legal conclusions require no answer.  FEUS admits that Ms. Hourihan submitted an

Application for Parallel Operation with FEUS, and FEUS provided Ms. Hourihan with an

Electricity Bill Calculator that estimates Ms. Hourihan and Mr. Eisenfeld will pay a monthly

standby charge of $55.31 as a "Residential Solar DG customer" once their expanded solar

generation is connected.  Except as otherwise alleged, FEUS is without sufficient information to

form a belief about the truth of the matters alleged therein and on that basis denies the said

allegations.  In addition, while this Answer is filed out of an abundance of caution, FEUS has

separately filed a motion to dismiss regarding these plaintiffs.

      18.     Answering paragraph 18 of the Complaint, the allegations contained therein

which are legal conclusions require no answer.  FEUS admits it is a New Mexico municipal

corporation that owns and operates a retail electric utility that provides electric utility service to

portions of San Juan and Rio Arriba Counties, New Mexico.  Except as otherwise alleged, FEUS

is without sufficient information to form a belief about the truth of the matters alleged therein

and on that basis denies the said allegations.

## ANSWER TO ALLEGATIONS OF FACTS

19.     Answering paragraph 19 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that it owns and operates a municipal electric utility, and that the Farmington City Counsel determines the prices and terms of electric service in FEUS's service territory.

20.     Answering paragraph 20 of the Complaint, including footnote 2 to the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS admits that on or about January 24, 2017, the Farmington City Council adopted a set of new "Standby Service Riders" that included a "monthly standby charge" for residential and general service solar customers.  The document attached to the Complaint as Exhibit C speaks for itself.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

21.     Answering paragraph 21 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

22.     Answering paragraph 22 of the Complaint, including footnotes three, four, five and six, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

23.     Answering paragraph 23 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without

sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

24.     Answering paragraph 24 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

25.     Answering paragraph 25 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

26.     Answering paragraph 26 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  FEUS denies that its monthly standby charges are not based on accurate data.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

27.     Answering paragraph 27 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

28.     Answering paragraph 28 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without

sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

29.     Answering paragraph 29 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

30.     Answering paragraph 30 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

31.     Answering paragraph 31 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

32.     Answering paragraph 32 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

33.     Answering paragraph 23 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

34.     Answering paragraph 34 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

35.     Answering paragraph 35 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

36.     Answering paragraph 36 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS is without sufficient information to form a belief about the truth of the matters alleged therein and on that basis denies the said allegations.

## ANSWER TO FIRST CLAIM FOR RELIEF

37.     Answering paragraph 37 of the Complaint, FEUS re-alleges paragraphs 1 through 36, inclusive, as though fully and completely set forth herein.

38.     Answering paragraph 37 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS denies the said allegations.

39.     Answering paragraph 38 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS denies the said allegations.

40.     Answering paragraph 39 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS denies the said allegations.

41.     Answering paragraph 40 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS denies the said allegations.

42.     Answering paragraph 41 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS denies the said allegations.

43.     Answering paragraph 42 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS denies the said allegations.

44.     Answering paragraph 43 of the Complaint, the allegations contained therein which are legal conclusions require no answer.  Except as otherwise alleged, FEUS denies the said allegations.

45.     FEUS denies that Plaintiffs are entitled to the relief and damages described in the "WHEREFORE" paragraph following paragraph 43 of the Complaint and each of the subparts A-E.

## AFFIRMATIVE DEFENSES

46.     As for its separate affirmative defenses to the Complaint, and to each claim for relief therein, unless otherwise stated, FEUS alleges as follows.  Any allegation not admitted, controverted, or denied previously in this Answer is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

47.    For a first affirmative defense, FEUS alleges that the Complaint fails to state a claim upon which relief can be granted under any theory.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts)

48.    For a second affirmative defense, FEUS alleges that the Complaint fails to set forth facts sufficient to constitute a claim for relief.

## THIRD AFFIRMATIVE DEFENSE

### (Uncertainty)

49.    For a third affirmative defense, FEUS alleges the Complaint is vague, ambiguous and uncertain.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

50.    For a fourth affirmative defense, FEUS alleges that certain of the  Plaintiffs lacks standing to recover some or all of the damages sought by the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

51.    For a fifth affirmative defense, FEUS alleges that certain of the Plaintiffs lack privity under any alleged contract with FEUS to recover some or all of the damages sought by the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (No Third Party Beneficiary)

52.     For a sixth affirmative defense, FEUS alleges that the Plaintiffs lack third party beneficiary status to obtain the relief sought by the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

(Consent)

53.     For a seventh affirmative defense, FEUS alleges that all or some of the Plaintiffs consented to the charges at issue.

## EIGHTH AFFIRMATIVE DEFENSE

(Acts or Omissions by Plaintiff)

54.     For an eighth affirmative defense, FEUS alleges that all or some of Plaintiffs' own acts or omissions caused it harm alleged in its Complaint.

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

55.     For a ninth affirmative defense, FEUS alleges that the Complaint is barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel)

56.     For a tenth affirmative defense, FEUS alleges that the Complaint is barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Remedy)

57.     For an eleventh affirmative defense, FEUS alleges the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiffs have no remedy under any alleged contract or at law.

## TWELFTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

58.    For a twelfth affirmative defense, FEUS alleges that the Complaint is barred by the doctrine of assumption of risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

59.    For a thirteenth affirmative defense, FEUS alleges that the Complaint is barred because none of FEUS's alleged acts or omissions proximately caused the harm or damages alleged by Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Damages)

60.    For a fourteenth affirmative defense, FEUS alleges that the Complaint is barred to the extent Plaintiffs have alleged damages that are not legally cognizable.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Reservation of Further Defenses)

61.    FEUS has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available.  Accordingly, for a fifteenth affirmative defense, FEUS reserves its rights to assert additional separate defenses in the event discovery indicates it would be appropriate.  FEUS is not liable for Plaintiffs' attorney's fees.

WHEREFORE, having fully answered the Complaint, FEUS prays for judgment and relief as follows:

1.   That the Court denies Plaintiffs' complaint for declaratory and equitable relief, including each of its requests for relief;

2.   That Plaintiffs take nothing by reason of its Complaint on file herein;

3.   For judgment in favor of FEUS and against Plaintiffs on each and every claim for relief of the Complaint through an order dismissing Plaintiffs' Complaint with prejudice and without leave to amend;

4.   For FEUS's costs of the suit and attorneys' fees to the extent provided by law; and

5.   For such other and further relief as the Court may deem proper and equitable.

Dated this 10th day of September, 2019       Respectfully submitted,

By: */s/ Jennifer Breakell*

Jennifer Breakell
(Designation of Counsel for Service)
City of Farmington, New Mexico
800 Municipal Drive
Farmington, NM 87401
Telephone:  505-599-1122
Facsimile:  505-599-1119
jbreakell@fmtn.org

Attorney for the City of Farmington, New Mexico
D/B/A Farmington Electric Utility System

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of September 2019, the

foregoing *Answer to Vote Solar, et al. Complaint* was electronically filed with the Clerk of Court

using the CM/ECF system that will send notification of such filing to all counsel of record.

<u>/s/ Jennifer Breakell</u>
Jennifer Breakell
800 Municipal Drive
Farmington, NM 87401
Telephone:  505-599-1122
jbreakell@fmtn.org