DAVID C. BENDER
EARTHJUSTICE
3916 Nakoma Road
Madison, WI 53711
dbender@earthjustice.org
Tel: 202-667-4500 ext. 5228
Fax: 202-667-2356

CHINYERE OSUALA
(*pro hac vice*)
EARTHJUSTICE
1625 Massachusetts Avenue, N.W.,
Suite 702
Washington, D.C. 20036
cosuala@earthjustice.org
Tel: 202-797-5258
Fax: 202-667-2356

SARA GERSEN
EARTHJUSTICE
800 Wilshire Boulevard, Suite 1000
Los Angeles, CA 90017
sgersen@earthjustice.org
Tel: 415-217-2005
Fax: 415-217-2040

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VOTE SOLAR, MICHAEL EISENFELD, JAMES NEIDHART, JEFFREY NEIDHART, STEVEN BAIR, NEIL TRIBBETT, JERRY KNUTSON, VICKIE SLIKKERVEER, THE COLISEUM, INC. (D/B/A THE COLOSSEUM GYM), DAVID FOSDECK, STEPHEN ELLISON, AND ERIN HOURIHAN,

Plaintiffs,

v.

CITY OF FARMINGTON, NEW MEXICO, D/B/A FARMINGTON ELECTRIC UTILITY SYSTEM,

Defendant.

CASE NO. 1:19-cv-00753-JAP-CG

**PLAINTIFFS' SUPPLEMENTAL BRIEFING**

Plaintiffs Vote Solar, Michael Eisenfeld, James Neidhart, Jeffrey Neidhart, Steven Bair, Neil Tribbett, Jerry Knutson, Vickie Slikkerveer, The Coliseum, Inc., David Fosdeck, Stephen Ellison, and Erin Hourihan submit this brief in response to the Court's Letter to Counsel dated October 25, 2019. The Court's letter asks the parties to "address whether Plaintiffs' claim is an 'implementation challenge' under 16 U.S.C. § 824a-3(h)(2)(B) or an 'as-applied' challenge under 16 U.S.C. § 824a-3(g)."

This case presents an "implementation challenge" under 16 U.S.C. § 824a-3(h)(2), and not an "as-applied challenge." The Public Utility Regulatory Policies Act ("PURPA") provides two general causes of action, which courts have labeled "implementation" and "as-applied" challenges. *See e.g.*, *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). An "implementation" claim under 16 U.S.C. § 824a-3(h)(2) rests in the federal district courts, while an "as-applied" challenge is brought in a state court.[1]

[1] While some cases assert that federal courts have "exclusive" jurisdiction over implementation claims, that language is imprecise. PURPA did not displace the authority of state courts to determine whether a state regulator or utility has lawfully implemented PURPA. *See Tafflin v. Levitt*, 493 U.S. 455, 459–60 (1990) (there is a "deeply rooted presumption in favor of concurrent state court jurisdiction" that must be affirmatively rebutted). Rather,PURPA's "implementation" cause of action under 16 U.S.C. § 824a-3(h)(2) is limited to federal district courts. A state court asked to determine whether a regulator or utility violated PURPA must rely on jurisdiction under state law; when it has such jurisdiction, a state court is not precluded from determining whether a state regulator or utility's implementation complies with PURPA. *See e.g., Smith Cogeneration Mgmt. Inc. v. Corp. Comm'n & Pub. Serv. Co. of Okla.*, 1993 OK 147 ¶ 25, 863 P.2d 1227, 1241 (hearing a challenge to a state regulation as violating PURPA and federal regulations).

Courts distinguish an "as-applied" claim heard only in state court from an "implementation" claim that can be heard by a federal district court based on whether a plaintiff challenges conduct as "unlawful, as it applies to or affects an individual petitioner," or unlawful as it broadly applies to all similarly situated power producers. *Exelon Wind 1*, 766 F.3d at 390–91; *Power Res. Grp., Inc. v. Pub. Util. Comm'n of Tex.*, 422 F.3d 231, 235 (5th Cir. 2005) ("An implementation claim involves a contention that the state agency ... has failed to implement a lawful implementation plan under § 824a–3(f) of the PURPA, whereas an 'as-applied' claim involves a contention that the state agency's ... implementation plan is unlawful, as it applies to or affects an individual petitioner." (internal quotes omitted)); *Allco Renewable Energy Ltd. v. Mass. Elec. Co.*, 208 F. Supp. 3d 390, 396 (D. Mass., 2016) ("An implementation claim is a claim that a state agency has failed to implement FERC's PURPA regulations or has implemented them in a way that is inconsistent with FERC's regulations … Meanwhile, an as-applied claim challenges the application of a state agency's rules to an individual petitioner."); *Occidental Chem. Corp. v. La. Pub. Serv. Comm'n.*, 494 F. Supp. 2d 401, 410–11 (M.D. La. 2007) (finding an implementation claim when the plaintiffs allege that the defendant's failure to implement applied to a "broad scope of entities" rather than an "individual petitioner"); *Mass. Inst. of Tech. v. Mass. Dep't of Pub. Utils.*, 941 F. Supp. 233, 238 (D. Mass. 1996) (finding claim to be an "as-applied" claim after

characterizing it as a dispute about the application of a charge to a single customer); *Windway Techs., Inc. v. Midland Power Coop.*, 696 N.W.2d 303, 308 (Iowa 2005) (dispute "clearly falls in the category of an implementation, not an application, issue" because "[t]he plaintiffs challenge [the utility's] tariff, not [its] application of the tariff to particular customers.").

This Court recently applied the same test to distinguish between "implementation" and "as-applied" challenges. In *Great Divide Wind Farm 2 LLC v. Aguilar, et al.*, Judge Browning noted that implementation claims involve "attack rules or practices of general applicability for violating PURPA or the FERC regulations", whereas an "as-applied" claim asserts that the application of a rule or practice to an individual party is unlawful or incorrect. Case No. CIV 19-0099-JB-CG, 2019 WL 2144829, *15–*16 (D.N.M. May 16, 2019); *see also id.* at *20–*21 (dismissing the plaintiff's complaint focused on an agency order "as it applies to them" but allowing the plaintiff to re-file with a claim that the agency failed to implement a lawful plan).

In this case, Plaintiffs seek an order requiring the Defendant to correctly implement the requirement to charge all qualifying facilities (*i.e.*, customers who generate with renewable generation) rates that are "just and reasonable … in the public interest" and that are not discriminatory "in comparison to rates for sales to other customers served by the electric utility." 18 C.F.R. § 292.305(a); Compl. p. 15

(Aug. 16, 2019), ECF No. 1. That includes declaring that Defendant fails to implement the non-discriminatory rate requirement by imposing its "Standby Service Rider" tariffs on any customer, and an injunction against charging those tariffs to any customer. Compl. ¶ 42 (Aug. 16, 2019), ECF No. 1. That is, Plaintiffs challenge the practice of applying the tariffs, generally, not the specific application to any individual petitioner. That is a prototypical "implementation" claim. *See e.g., Exelon Wind 1*, 766 F.3d at 393 (general challenge to a rule and request for declaration applicable to all Qualifying Facilities is an implementation challenge); *Power Res. Grp., Inc. v. Pub. Util. Comm'n of Tex.*, 422 F.3d at 235. Courts have routinely held that a complaint that a regulator or unregulated utility failed to comply with PURPA when setting rates applicable to multiple customers is an "implementation" claim. *Conn. Valley Elec. Co. v. FERC*, 208 F.3d 1037, 1043 (D.C. Cir. 2000) (state commission approval of a rate that does not conform to FERC's avoided cost regulation is a failure to implement claim for federal district court); *N.Y. State Elec. & Gas Corp. v. FERC*, 117 F.3d 1473, 1476 (D.C. Cir. 1997) ("The failure of a state commission to ensure that a rate does not exceed a utility's avoided cost is a failure to comply with a regulation implementing the PURPA … The alleged failure of the PSC to set the contested rates at NYSEG's avoided cost would ordinarily be challenged through an enforcement action brought in district court under § 210(h)."); *Occidental Chem. Corp.*, 494 F. Supp. 2d at 408–09. Thus, as

Judge Browning noted in *Great Divide*, "[w]here a plaintiff sues a nonregulated electric utility, a claim that the electric utility's rate schedules and calculations violate PURPA is an as-implemented claim." 2019 WL 2144829, *16 n.12 (citing *Swecker v. Midland Power Coop.*, 2013 WL 11311233, *4 (S.D. Iowa Dec. 30, 2013); *ConocoPhillips Co. v. Dep't of Water & Power*, *City of Los Angeles*, Case CV 07-5742, 2008 WL 11422174, at *3–4 (C.D. Cal. June 20, 2008)).

In an analogous case to this one, the Central District of California determined that a claim that a utility's rates were discriminatory and contrary to 18 C.F.R. § 292.304(a)–precisely Plaintiffs' complaint in this case–constitutes an "implementation" claim. *ConocoPhillips,* 2008 WL 11422174, *3. The court noted that a challenge to rates as contrary to 18 C.F.R. § 292.305–especially when the rate is assigned to a class of customers not just to a single plaintiff's operation–constitutes an "implementation" claim appropriate for federal court. *Id.* at *3–*4. That is exactly the claim Plaintiffs bring here. Plaintiffs challenge Defendant's "Standby Service Rider" rates for sale of electricity to all customers who own renewable energy generation. For the reasons relied upon by the *ConocoPhillips* case and reiterated in Judge Browning's recent *Great Divide* case, this federal court has jurisdiction over Plaintiffs' claims.

## Conclusion

Plaintiffs bring an "implementation" claim pursuant to 16 U.S.C. § 824a-3(h)(2) based on Defendant's "Standby Service Rider" tariffs applicable to all similar self-generating customers. This Court has jurisdiction over that claim.

DATED: October 30, 2019.

Respectfully submitted,

*<u>/s/ David C. Bender</u>*
DAVID C. BENDER
Earthjustice
3916 Nakoma Road
Madison, WI 53711
dbender@earthjustice.org
Tel: 202-667-4500 ext. 5228/Fax: 202-667-2356

SARA GERSEN
Earthjustice
800 Wilshire Boulevard, Suite 1000
Los Angeles, CA 90017
sgersen@earthjustice.org
Tel: 415-217-2005/Fax: 415-217-2040

CHINYERE OSUALA
(*pro hac vice*)
Earthjustice
1625 Massachusetts Avenue, N.W., Suite 702
Washington, D.C. 20036
cosuala@earthjustice.org
Tel: 202-797-5258/Fax: 202-667-2356

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.

*/s/ David C. Bender*
David C. Bender