# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

VOTE SOLAR, ET AL.,

    Plaintiffs,

    vs.                                                                       Civ. No. 19-753 JAP/CG

CITY OF FARMINGTON

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On October 30, 2019, Defendant City of Farmington requested that the Court take judicial notice of certain administrative proceedings in support of its PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ("Partial Motion") (Doc. No. 11). *See* DEFENDANT CITY OF FARMINGTON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ADDITIONAL BRIEFING IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 33) ("Request"). Defendant has thus far requested judicial notice of: (1) Exhibit A from the Partial Motion, a copy of Federal Energy Regulatory Commission (FERC) Order, *Vote Solar Initiative v. Mont. Pub. Serv. Comm'n*, Order Dismissing Complaint, 157 FERC ¶ 61,080 (2016); (2) Exhibit B from the Partial Motion, a copy of FERC Order, *Vote Solar Initiative v. Mont. Pub. Serv. Comm'n*, Order Denying Reconsideration, 158 FERC ¶ 61,032 (2017); (3) Exhibit C from the Partial Motion, "Protest or, in the Alternative, Answer of the Farmington Electric Utility System", Michael Eisenfeld, et al., FERC Docket No. EL19-67-000, May 17, 2019; (4) Exhibit A from the Request, a copy of FERC Order, *Policy Statement Regarding the Comm'n's Enforcement Role Under Section 210 of the Public Utility Regulatory Policies Act of 1978*, 23 FERC ¶ 61,304 (1983); (5) Exhibit B from the Request, a copy of FERC Order, *Small Power Prod. and Cogeneration Facilities – Rates and*

*Exemptions, Final Rule Regarding the Implementation of Section 210 of the Pub. Util. Regulatory Policies Act of 1978*, Order No. 69, 10 FERC ¶ 61,150 (1980); and (6) Exhibit C from the Request, a copy of FERC Order, *Cal. Pub. Util. Comm'n*, 133 FERC ¶ 61,059 (2010).

While generally a court does not look to facts outside the record on a motion to dismiss, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004)). A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Additionally, "a court may . . . take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records." *Id.* The Court agrees that Defendant's requested exhibits are appropriate items for judicial notice because FERC orders and proceedings are public records related to matters in issue. Accordingly, the Court will take notice of Defendant's exhibits.

The Court's notice does not, however, turn the content of the FERC orders or filings into indisputable facts. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) (quoting

*Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001)). The Court simply recognizes that the FERC orders and filings exist, and that the arguments or conclusions made within them exist as well. The Court will not take FERC's legal conclusions as facts when deciding dispositive matters in this case.

IT IS THEREFORE ORDERED that DEFENDANT CITY OF FARMINGTON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ADDITIONAL BRIEFING IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 33) and DEFENDANT CITY OF FARMINGTON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 11) are GRANTED.

_____
SENIOR UNITED STATES DISTRICT JUDGE